**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-5068**

---

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

DAVID SCOTT GUFFEY,

                                        Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  Frank W. Bullock, Jr., District Judge.  (CR-04-474)

---

Submitted:  June 2, 2006                    Decided:  July 3, 2006

---

Before WILKINSON, MOTZ, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Michael W. Patrick, Chapel Hill, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

David Scott Guffey appeals his 96-month sentence imposed following his guilty plea for possession of child pornography that had been shipped in interstate commerce, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2) (2000). For the reasons stated below, we affirm.

In January 2005, Guffey pled guilty to possession of child pornography that had been shipped in interstate commerce, in violation of 18 U.S.C. § 2252(a) (2000). At Guffey's plea hearing, the Government filed a factual basis outlining its evidence, including the fact that 3777 images of child pornography, as defined in 18 U.S.C. § 2256(8)(A) (2000),[1] were found on the hard drive of his computer. Guffey agreed that the Government had evidence as outlined in the factual basis.

The presentence report recommended a base offense level of seventeen, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2G2.2(a) (2003). The offense level was increased two levels, pursuant to USSG § 2G2.2(b)(1), because the material involved a minor under the age of twelve. Because the material was distributed for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain, the offense level was

---

[1]The term child pornography is defined under 18 U.S.C. § 2256(8)(A) (2000), as any picture or image where: "the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct."

- 2 -

increased five levels, pursuant to USSG § 2G2.2(b)(2)(B).  Because the materials involved or portrayed sadistic or masochistic conduct or other depictions of violence, the offense level was increased four levels, pursuant to USSG § 2G2.2(b)(3).  Because a computer was used for the transmission of material, the offense level was increased by two levels, pursuant to USSG § 2G2.2(b)(5).  Because the offense involved more than 600 images, the offense level was increased by five levels, pursuant to USSG § 2G2.2(b)(6)(D).  The offense level was reduced three levels for acceptance of responsibility, pursuant to USSG § 3E1.1(b), thereby resulting in a total offense level of thirty-two.

The presentence report noted Guffey's criminal history of a single speeding ticket, resulting in a criminal history category of I.  Based on a total offense level of thirty-two and a criminal history category of I, the recommended advisory guidelines range was 121 to 151 months' imprisonment.  Because the 120-month statutory maximum was less than the low end of the guidelines range, the statutory maximum became the guidelines sentence pursuant to USSG § 5G1.1(a).

At sentencing, the district court conducted a comprehensive analysis of each of the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005).[2]  Noting the disparity

---

[2]Those factors include the nature and circumstances of the offense and the history and characteristics of the defendant, the need to reflect the seriousness of the offense, to promote respect

between Guffey and an unrepentant, recidivist offender, the court sentenced Guffey to ninety-six months' imprisonment, a twenty percent reduction from the statutory maximum.

Guffey contends on appeal that the district court violated due process and ex post facto principles by imposing a sentence under United States v. Booker, 543 U.S. 220 (2005). We find this claim without merit. See United States v. Williams, 444 F.3d 250, 254 (4th Cir. 2006) (ruling defendant had fair warning that distributing cocaine base was punishable by a prison term of up to twenty years, as spelled out in the United States Code); United States v. Davenport, 445 F.3d 366, 369-70 (4th Cir. 2006) (ruling that retroactive application of remedial holding of Booker did not violate Ex Post Facto Clause; defendant was on notice of statutory penalty when he committed crime). When he committed the crime, and as later reaffirmed at his guilty plea hearing, Guffey was on notice that the maximum statutory penalty was ten years; this is all that is required to satisfy the concerns of fair notice embodied by the Ex Post Facto Clause. See Davenport, 445 F.3d at 370.

Moreover, a sentence imposed within a properly calculated guidelines range is presumptively reasonable. See United States v.

---

for the law, to provide just punishment, to afford adequate deterrence, to protect the public from the defendant's future crimes, and to provide the defendant with needed training, medical care and other correctional treatment.

<u>Green</u>, 436 F.3d 449, 456 (4th Cir. 2006), <u>cert. denied</u>, ___ U.S. ___, 2006 WL 1057741 (U.S. May 22, 2006) (No. 05-10474). <u>See also</u> <u>United States v. Hughes</u>, 401 F.3d 540, 546-47 (4th Cir. 2005) (citations omitted) (holding that sentence must be within the statutorily prescribed range and reasonable). Here, the district court properly consulted the guidelines and took them into account in determining Guffey's sentence, made all the factual findings appropriate for that determination, considered the sentencing range along with the other factors described in § 3553(a), and imposed a sentence that was within the statutorily prescribed range and reasonable.

We therefore affirm Guffey's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 5 -